UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LLOYD ANDERSON, | |
| Petitioner, | |
| v. | CAUSE NO.: 1:19-CV-500-WCL-SCL |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Lloyd Anderson, a prisoner without a lawyer, filed an amended habeas corpus petition challenging his 2003 conviction in Allen County for aggravated battery, resisting law enforcement, and habitual offender adjudication under cause number 02D04-0210-FB-000192. (ECF 8.) For the reasons stated below, the petition is untimely.

I.   BACKGROUND

In deciding the petition, the court must presume the facts set forth by the state courts are correct. 28 U.S.C. § 2254(e)(1). It is Mr. Anderson's burden to rebut this presumption with clear and convincing evidence. *Id.* On direct appeal, the Indiana Court of Appeals set forth the facts underlying Mr. Anderson's conviction as follows:

> [O]n September 25, 2002, Calvin Jones and his father, Kevin Jones, were driving in Fort Wayne. Kevin saw a friend and stopped. Kevin was introducing Calvin to his friend when Calvin observed Anderson coming out of the house they were standing in front of. Calvin and Anderson had a history of not getting along. Calvin and Anderson exchanged glances and argued. Anderson pulled out a knife and waved it at Calvin. Calvin ran back toward the car, followed by Anderson and Kevin. Kevin retrieved a Club, a theft protection device, from his car and gave one part

> of it to Calvin. As Calvin tried to swing the Club at Anderson, Anderson stabbed him in the abdomen.
>
> On October 2, 2002, the State charged Anderson with Class B felony aggravated battery, Class C felony battery, which was later dismissed, Class A misdemeanor resisting law enforcement, and with being an habitual offender. Following a jury trial, Anderson was convicted as charged.

(ECF 30-3 at 2-3.) The court imposed an aggregate 22-year prison sentence. *Id.* at *3.

On direct appeal, Mr. Anderson challenged the aggravated battery charge, arguing that the state did not adequately rebut his claim of self-defense. (ECF 30-3 at 2.) In an opinion issued on September 15, 2003, the Indiana Court of Appeals rejected this argument and affirmed Mr. Anderson's conviction in all respects. (*Id.* at 4.) He did not file a petition to transfer to the Indiana Supreme Court. (*See* ECF 30-2.)

On June 16, 2004, Mr. Anderson filed a *pro se* post-conviction petition. (ECF 30-4.) The petition was denied on October 28, 2009. (*Id.*) Mr. Anderson did not pursue an appeal. (*See* ECF 30-1; ECF 30-4.)

On November 7, 2019, Mr. Anderson mailed to this court a handwritten filing challenging his 2003 conviction. (ECF 1.) On December 16, 2019, he filed an amended habeas corpus petition on the appropriate form. (ECF 8.) Giving the petition liberal construction, he asserts that he was erroneously sentenced as a habitual offender because he did not have the requisite predicate offenses under state law. (ECF 8 at 3.) The respondent argues that the petition must be denied because it is untimely. (ECF 30.) Mr. Anderson has filed a document labeled, "Objection to the Fictitious Statements from Respondent," which the court construes as his traverse. (ECF 31.)

II.     ANALYSIS

Mr. Anderson's petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which contains a strict statute of limitations, set forth as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Mr. Anderson's conviction was affirmed by the Indiana Court of Appeals on September 15, 2003. (ECF 30-3.) He did not seek rehearing, nor did he file a petition to transfer in the Indiana Supreme Court. (*See* ECF 30-2.) His conviction became final for

3

purposes of AEDPA when the time for filing a petition to transfer expired 30 days after the Indiana Court of Appeals issued its opinion. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (for habeas petitioners who do not complete all levels of state review, the judgment becomes final when the time for filing a further appeal expires); *see also* IND. R. APP. P. 57(C) (2003) (petition to transfer due no later than 30 days from the adverse decision by the court of appeals). As of that date—October 15, 2003—the one-year clock began running, giving Mr. Anderson until October 2004 to file a timely federal petition.

On June 16, 2004, Mr. Anderson filed a *pro se* post-conviction petition, which stopped the federal clock. 28 U.S.C. § 2244(d)(2). By that point, 250 days had elapsed since his conviction became final. His state post-conviction petition was denied on October 28, 2009, and he did not pursue an appeal. (*See* ECF 30-1; ECF 30-4.) The federal deadline began running again on that date, and continued to run for ten years until November 2019, when Mr. Anderson sought federal habeas relief.[1] The petition is thus several years too late.

When asked in the petition to explain why the petition was timely filed, Mr. Anderson did not provide any answer. (ECF 8 at 4.) He filed a document responding to the return, but he addresses the merits of his claim and the facts underlying his

---

[1] The state court docket reflects that Mr. Anderson filed a number of documents between March 2011 and 2019, including a "motion for discovery," a motion for "modification of sentence," and two unauthorized successive post-conviction petitions. (ECF 30-1 at 15, 17-18; ECF 30-5.) None of these filings would have tolled the federal deadline under 28 U.S.C. § 2244(d)(2). *See Martinez v. Jones*, 556 F.3d 637, 638 (7th Cir. 2009); IND. POST-CONVICTION R. 1(1)(B). Indeed, the federal deadline had expired by the time he filed the first of these documents, so they are "irrelevant" for statute of limitation purposes. *De Jesus v. Acevedo*, 567 F.3d 941, 942-43 (7th Cir. 2009).

4

conviction, not the statute of limitations issue. (ECF 31.) He includes one sentence that may be directed at the respondent's statute of limitations argument: "Lloyd Anderson pro se is not barred by any statue that violates the petitioner's right to have a fair trial by a jury of his peers and impartial decision maker which has not taken place from the beginning."[2] (*Id.* at 1) (errors in original). The court cannot discern within this statement any basis to conclude that the petition was timely filed. He does not argue, nor does the court find a basis in the record to conclude, that his claims are based on newly discovered facts or a new Supreme Court case made retroactive to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(C)-(D). Nor does he identify any state-created impediment that prevented him from filing his federal petition on time. *See* 28 U.S.C. § 2244(d)(1)(B). Accordingly, this petition is untimely under 28 U.S.C. § 2244(d) and cannot be considered on the merits.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473,

---

[2] Notably, Mr. Anderson does not assert any claim in his federal petition about his fair trial rights or his right to an impartial decisionmaker having been violated; rather, his sole claim is that he should not have been sentenced as a habitual offender because he did not have the requisite predicate offenses. (ECF 8 at 3.)

484 (2000) (internal quotation marks and citation omitted). For the reasons fully explained above, Mr. Anderson's petition is significantly untimely. The court finds no basis to conclude that reasonable jurists would debate the outcome of the petition or find a reason to encourage Mr. Anderson to proceed further. Accordingly, the court declines to issue him a certificate of appealability.

As a final matter, Mr. Anderson filed what appears to be a motion to reconsider the court's earlier denial of his request for a subpoena. (ECF 29.) It appears he wishes to obtain a copy of the trial transcripts, but because the court cannot reach the merits of the petition, there is no reason to require production of the trial record. Therefore, this motion will be denied.

III. CONCLUSION

For the reasons set forth above, the petition (ECF 8) is DENIED, and the petitioner is DENIED a certificate of appealability. The "Motion for Objection" (ECF 29) is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED on September 22, 2020.

s/William C. Lee  
JUDGE WILLIAM C. LEE  
UNITED STATES DISTRICT COURT